ZAWICKY *v.* FLINT TROLLEY COACH CO., INC.

1. Evidence—Judicial Notice—City Ordinances.
   The Supreme Court does not take judicial notice of the contents of city ordinances.

2. Same—Judicial Notice—Character of Neighborhood.
   The Supreme Court does not take judicial notice of whether a neighborhood is of a business or residential character in order to determine the maximum speed of vehicles permissible under

the statute therein (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SPEED—ELECTRIC TROLLEY BUS PASSENGER.

Question as to what speed was permissible for trackless electric trolley bus, operated on city streets by defendant, not having been raised in trial court, is not considered on appeal in action by passenger for injuries alleged to have been sustained as she was about to alight from the bus, where record contains no testimony as to character of neighborhood or ordinances involved (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

4. CARRIERS—PASSENGERS—SUDDEN JERKS OR JOLTS WHILE STOPPING.

While a carrier may be held liable if a passenger is injured because a jerk or jolt of its vehicle was unnecessarily sudden or violent, ordinarily sudden jerks or jolts in stopping to let off and take on passengers are among the usual incidents of travel which the passenger must reasonably anticipate.

5. SAME—PASSENGERS—INJURY AS EVIDENCE OF NEGLIGENCE.

The mere fact that a passenger is injured will not of itself make out a case of negligence rendering the carrier liable.

6. SAME—STOPPING—SUDDEN JERKS OR JOLTS—TRACKLESS TROLLEY BUSSES.

Trackless trolley busses which have supplanted street cars are subject to the same rule as to sudden jerks or jolts incident to stopping to let off or take on passengers as other carriers, as it is generally known that they go rapidly and frequently come to sudden stops.

7. SAME—PASSENGERS—TRACKLESS TROLLEY BUSSES—STOPPING—STANDING.

A passenger in a trackless trolley bus has a right to remain seated until the bus comes to a full stop but if she stands up while it is still in motion, she must look after her own protection and hold on to whatever is furnished in order to protect herself from falling, as a passenger cannot put upon the carrier the burden of the risk she voluntarily assumes.

8. SAME—TRACKLESS TROLLEY BUSSES—STOPPING—PRESENCE OF PASSENGER AT DOOR.

Fact that trackless trolley bus may not have been stopping at prior intersections even upon signal unless the passenger was

at the door when the intersection was reached *held,* immaterial in passenger's action for injuries sustained when bus is alleged to have been driven at an excessive speed and to have come to a sudden stop, causing plaintiff to be thrown down as she neared the front door.

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 6, 1939. (Docket No. 36, Calendar No. 40,331.) Decided June 5, 1939.

Case by Joan Zawicky against the Flint Trolley Coach, Inc., a corporation, for damages for personal injuries sustained while riding on an electric trolley coach. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Leo B. Lange* and *Leo Church,* for plaintiff.

*Mason, Davidson & Mansfield,* for defendant.

BUTZEL, C. J.   Plaintiff, a passenger on an electric trolley coach or bus owned and operated by defendant in the city of Flint, Michigan, after giving a signal to alight, moved from the rear to the front of the vehicle and as she reached or neared the front door, she claims that the bus came to such a sudden stop that she was thrown down, struck some obstruction or part of the coach, and suffered severe injuries. The company runs its buses by an overhead electric wire similar to a street car system except that there are no tracks. The judge permitted the case to go to the jury, reserving decision under the Empson act (3 Comp. Laws 1929, §§ 14531–14534 [Stat. Ann. §§ 27.1461–27.1464]). The jury rendered a verdict in favor of plaintiff for $1,585. The judge set it aside *non obstante.*

Plaintiff claims that the bus was a "vehicle" rather than a "street car," and that consequently it

was being operated at an excessive speed which violated the State motor vehicle law and the ordinances of the city of Flint. Plaintiff did not introduce the ordinances of the city of Flint and we do not take judicial notice of their contents. *Hinderer* v. *Railroad Co.*, 237 Mich. 232 (26 N. C. C. A. 871). If the bus be considered a vehicle, it was subject to the general speed regulations set out in 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565), which provides for maximum speed in business and residential neighborhoods. The testimony does not show whether the neighborhood was either business or residential and we do not take judicial notice of the character of the neighborhood. Furthermore, this question was not raised below. On this record recovery may not be had because of alleged violation of any statutes or ordinances referred to.

The main question, therefore, is whether or not defendant was guilty of negligence in bringing its bus to a sudden stop while it was going at a rapid rate of speed, so as to cause sudden jolts or jerks forward. There is no claim that the car swerved, struck the curb or other obstacle, or that there were any unusual conditions except the sudden stop beyond the street intersection. The testimony shows that defendant's driver was making abrupt stops and was going at a high rate of speed between intersections. Plaintiff was aware of this; her own witnesses testified that there had been three such stops immediately prior to the time she gave the signal to stop. The rule in regard to street cars was only recently restated in *Selman* v. *City of Detroit*, 283 Mich. 413. We held that while the carrier might be held liable if the jerk or jolt was unnecessarily sudden or violent, ordinarily "sudden jerks or jolts in stopping to let off and take on passengers are among

the usual incidents of travel," which every passenger must reasonably anticipate. The mere fact that the passenger was injured will not of itself make out a case of negligence rendering the carrier liable. We believe the same rule should apply to trackless trolley busses which have supplanted street cars in some localities. It is general knowledge that they go rapidly and frequently come to sudden stops to let off or take on passengers. A passenger has the right to remain seated until the bus comes to a full stop. While this is seldom done, if a passenger is foolhardy enough to stand up while the bus is in motion, she must look after her own protection and hold on to bars, straps, handles or whatever is furnished in order to protect herself from falling. She cannot put upon the carrier the burden of the risk she voluntarily assumed. See *Conroy* v. *Railway,* 139 Mich. 173; *Bogart* v. *City of Detroit,* 252 Mich. 534.

There is some claim that the coach had not been stopping at prior intersections, even upon signal, unless the passenger was at the door when the intersection was reached. This is not material. If passengers suffered thereby, they could have had redress if really damaged through being carried beyond their destination or they could have reported the driver to the proper authorities.

The judgment of the trial court is affirmed, with costs to defendant.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.