RUSS *v.* CITY OF DETROIT.

AUTOMOBILES—BUSSES—SUDDEN STOPPING—INCIDENT OF TRAVEL.
Passenger who had just boarded front of street bus which was suddenly stopped before he had been able to reach only vacant seat at rear of bus was not entitled to recover for injuries sustained, such sudden stopping being an incident of travel by such vehicle.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 16, 1952. (Docket No. 7, Calendar No. 45,367.)   Decided May 16, 1952.

Case by Jacob Russ against City of Detroit, Department of Street Railways, for injuries sustained when bus stopped suddenly. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*W. J. McBrearty (James M. Wienner,* of counsel), for plaintiff.

*Leo A. Sullivan (James S. Shields* and *A. Albert Bonczak,* of counsel), for defendant.

REID, J.  Plaintiff brought this action to recover damages because of personal injuries received by him, caused by the sudden stopping of a city bus in

---

REFERENCES FOR POINTS IN HEADNOTES

37 Am Jur, Motor Transportation § 151.
Liability of motor carrier for injury to passenger by sudden stopping, starting, or lurching of conveyance.  138 ALR 224.

which plaintiff was a passenger. At the conclusion of plaintiff's proofs, defendant moved for a directed verdict. The court granted defendant's motion and entered judgment for the defendant accordingly. Plaintiff appeals.

On November 24, 1947, between 10 and 11 a.m., plaintiff boarded a bus operated by defendant, the department of street railways, at the southeast corner of Conner and Jefferson in Detroit. The bus was northbound. No other passenger boarded the bus with plaintiff. Plaintiff paid his fare and walked from the front end of the bus toward the back end to take the only vacant seat in the bus. As he walked, plaintiff held onto the backs of seats here and there. The bus came to a sudden stop.

Plaintiff testified as follows:

"*Q.* When the jerk and stop took place where were you with reference to the rear door?

"*A.* That is right, I was on the rear door hanging on the handle. When the stop took place I was by the rear door with one hand, the right hand, on the handle holding on.

"*Q.* This was before you fell?

"*A.* I was grabbing handle right now. I just tell you how. I grab the handle—I had the handle almost in the hand. By this time the jar come and push me back on the front. I fell in the front. I was in the back and I fell on the front.

"*Q.* Did you actually have your hand on the handle or were you grabbing for it?

"*A.* I was grabbing for it.

"*Q.* Then you did not actually have your hand on the handle, is that right?

"*A.* Yes.

"*Q.* Do you understand what I am asking you?

"*A.* Well, I grabbed for the handle here I had my fingers a little bit on. Then by this time the stop comes and it bounced me back off the handle; slip out of hand the handle and throw me back on the

front door almost; right on the seat; where you come to the long seat."

It is the claim of plaintiff that the driver of the bus was a student driver; that an instructor was on the bus for the purpose of instructing the driver while he was driving the bus; that just before the accident, the instructor was talking with the driver; that a passenger alighted from a streetcar in the intersection of Jefferson and Conner just before the bus entered the intersection, or just before the bus arrived at a point in the intersection from which the streetcar had just left; that the passenger shouted "Hey" at the driver of the bus, who thereupon brought the bus to a stop that was improper and too sudden for the safety of the plaintiff.

Plaintiff's witness, Emeritt Sleed, testified that the passenger who had just alighted from the streetcar yelled at the bus, and testified further:

"Well, the instructor was talking to his partner—back seat driver I called him; he was sitting on the right side talking, with his back just like that (indicating). When this fellow yelled 'Hey', well this fellow stopped right here (indicating). He made a sudden stop; one of those things, you know; almost threw me out of my seat; I liked to fall on my face; and this old fellow, he fell. Well, he had almost got to the back door, but the old fellow fell backwards. When this fellow fell backwards, well, my friend and I ran and picked the fellow up, you know, and set him on the seat—side seat, approximately in there (indicating). Not to the back. The driver don't know what happened because he had his—well, the coach going this way (indicating) and him talking over the man's shoulders, he don't know what happened. He said, 'I don't know what happened.'"

In his amended declaration, plaintiff claims that defendant's student driver "did suddenly, unexpectedly and without warning to the plaintiff, start said

bus and as suddenly and violently did apply the brakes, that these negligent acts were neither warranted nor necessary in the operation of the coach, that they combined to cause plaintiff to lose his equilibrium and to be thrown to the floor of the bus and to be severely and permanently injured."

Defendant claims that the cause of plaintiff's injuries was the sudden stopping of the coach, that such stop was an incident of travel and therefore in and of itself, would not entitle plaintiff to recover damages.

In *Bogart* v. *City of Detroit*, 252 Mich 534, we say (per syllabus):

"Passenger in streetcar who voluntarily left his seat, and, when standing near exit without anything on which to support himself, fell when car stopped suddenly, and sustained serious injuries, is not entitled to recover therefor."

See, also, *Selman* v. *City of Detroit*, 283 Mich 413; *Zawicky* v. *Flint Trolley Coach Co., Inc.*, 288 Mich 655; *Sherman* v. *Flint Trolley Coach, Inc.*, 304 Mich 404.

Several other cases might be cited to sustain the proposition that where the sudden stopping of the car is the only negligence proven, the passenger receiving injuries from the sudden stopping of the car cannot recover. Plaintiff cites cases where other negligence of the driver of the car additional to the mere sudden stopping of the car, created liability, but such cases are of no value to us in the instant case. The driver in the instant case merely stopped the bus suddenly, and was not shown to be guilty of any other negligence which caused or contributed to cause the injuries complained of.

The trial court directed a verdict in favor of defendant of no cause of action, and entered judgment

accordingly.   The judgment appealed from is affirmed.   Costs to defendant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.