**Betty BASHAM, Appellant,**

v.

**CITY BUS COMPANY, a Delaware corporation; and John Doe, whose real name is unknown, Appellees.**

**No. 4999.**

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1955.

John B. Ogden, Oklahoma City, Okl. (Williams & Hansen, Oklahoma City, Okl., were with him on the brief), for appellant.

Paul C. Duncan, Oklahoma City, Okl. (Pierce, Mock & Duncan, Oklahoma City,

Okl., were with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and SAVAGE, District Judge.

PHILLIPS, Chief Judge.

The appellant, Betty Basham,[1] brought an action for damages against City Bus Company[2] and another for personal injuries allegedly sustained by her as the result of a fall in the interior of the Bus Company's bus, while she was a fare-paying passenger on such bus. From a judgment on a verdict for the Bus Company, she has appealed.

Neither of the parties brought up the evidence adduced at the trial.

Plaintiff asserts that the trial court erred in the giving of certain instructions, in that they were not justified by the evidence and were contrary to law.

■ The first part of this assertion is easily disposed of, for it is fundamental that to permit a review of instructions on the ground they were not proper under the evidence, the evidence must appear in the record on appeal.[3] Of course, where the objection to the instruction raises a pure question of law, they will be considered on appeal, although the evidence is not in the record.[4] Therefore, the question posed for our consideration is whether the instructions complained of contain fundamental errors of law which would require reversal.

The record indicates that the trial court gave all of the instructions tendered by both the plaintiff and the Bus Company. In so doing, the court charged the jury that a carrier of persons for reward must use the utmost care and diligence for their safe carriage and that the Bus Company was required to exercise the highest degree of care for the plaintiff's safety; the court properly defined and instructed on negligence and contributory negligence and on the duty of a person to exercise ordinary care for his own safety. Plaintiff objected to the admonition "that there existed on the part of the defendant or its driver no duty to anticipate that plaintiff would leave her seat and be standing while the bus was making a turn before it was brought to a stop; that unless the bus driver knew the plaintiff had left her seat and was standing he had a right to assume the plaintiff passenger would remain in her seat until the bus was brought to a stop."

■ That instruction must be considered in the light of instructions which immediately preceded it that a public carrier must use "the utmost care and diligence" and must exercise "the highest degree of care" for a passenger's safety and we must assume there was no fact or circumstance in the evidence warning the bus driver or giving him cause to anticipate that the plaintiff would not remain in her seat until the bus had come to a stop. So viewed, we hold the instruction did not constitute reversible error as a matter of law.

The court instructed that "Involuntarily leaving her seat and position of safety while the bus was still in motion and before it had been brought to a stop, the plaintiff assumed the risk of injury from the regular and ordinary movements of a bus in motion including the risk of being thrown to one side by the movement of the bus in making the turn. That is, a passenger on the bus, the plaintiff, had a right to remain in her seat until the bus came to a full stop and when she stood up while it was in motion she was required to look to her own protection by holding onto the bars, straps or handles, or whatever was furnished, to protect herself from falling, and she could not put on the bus company the burden of the risk she had voluntarily assumed."

1. Hereinafter referred to as the plaintiff.

2. Hereinafter referred to as the Bus Company.

3. Worthington v. Mason, 11 Otto 149, 101 U.S. 149, 25 L.Ed. 848; Lovell v. Davis, 11 Otto 541, 101 U.S. 541, 25 L.Ed. 944.

4. Pennock v. Dialogue, 2 Pet. 1, 15, 27 U.S. 1, 15, 7 L.Ed. 327.

Plaintiff asserts that the above-quoted instruction is violative of the Oklahoma Constitution and the cases decided thereunder, in that it takes from the jury the issue of assumption of risk. Okl.Const. Art. 23, § 6, provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This court has previously considered this point in Diederich v. American News Co., 10 Cir., 128 F.2d 144, wherein it was held that the above-quoted Oklahoma constitutional provision was not controlling in trials in Federal courts. See, also, F. W. Woolworth Co. v. Davis, 10 Cir., 41 F.2d 342.

Neither can it be said that the instruction in question is not a proper charge, as a matter of law. While the Oklahoma Supreme Court has apparently not passed on the question, cases from other jurisdictions have approved the rule as announced by the trial court in the instant case.[5] In Zawicky v. Flint Trolley Coach Co., Inc., 288 Mich. 655, 286 N.W. 115, 116, the court, in language almost identical to that used by the trial court in the instant case, stated that:

"A passenger has the right to remain seated until the bus comes to a full stop. While this is seldom done, if a passenger is foolhardy enough to stand up while the bus is in motion, she must look after her own protection and hold on to bars, straps, handles or whatever is furnished in order to protect herself from falling. She cannot put upon the carrier the burden of the risk she voluntarily assumed."

The judgment is affirmed.

5. Zawicky v. Flint Trolley Coach Co., Inc., 288 Mich. 655, 286 N.W. 115; Richmond Greyhound Lines, Inc., v. Ramos, 177 Va. 20, 12 S.E.2d 789; Southeastern Stages v. Abdella, 75 Ga.App. 38, 41 S.E.2d 799; Illinois Cent. R. Co. v. Jolly, 117 Ky. 632, 78 S.W. 476; McGann v. Boston Elevated R. Co., 199 Mass. 446, 85 N.E. 570, 18 L.R.A.,N.S., 506.