*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANCES EMMA-JEAN COLE,

Plaintiff-Appellant,

v

DARRYL L. BLAND and JACKSON AREA
TRANSPORTATION AUTHORITY,

Defendants-Appellees.

UNPUBLISHED
March 17, 2020

No. 347034
Jackson Circuit Court
LC No. 17-001974-NI

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Plaintiff, Frances Emma-Jean Cole, appeals the trial court's order granting summary disposition in favor of defendants Darryl L. Bland and Jackson Area Transportation Authority (JATA). We affirm in part, reverse in part, and remand to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2017, plaintiff boarded a bus that was owned by JATA and operated by Bland. Plaintiff used her walker to board the bus, but she could not walk through the aisle to an available seat because two other passengers' wheelchairs narrowed the aisle such that she could not pass by with her walker. Plaintiff stated, "I'll just have to stand. I've done it before." Bland responded, "It won't be long," and asked plaintiff if she was all right. Plaintiff stated, "I'm OK," and Bland replied, "OK." Plaintiff remained standing near the front of the bus and held onto the handrail with one hand and held her walker with her other hand. Bland drove for two minutes through a parking lot and onto a roadway before entering a Meijer parking lot. Bland made several turns and stops along the route. Eventually, plaintiff stopped holding the handrail as Bland slowed to a stop at a stop sign. As Bland came to a complete stop, plaintiff fell to the floor of the bus and allegedly sustained injuries.

Plaintiff filed a complaint against defendants, alleging negligence and gross negligence. Plaintiff acknowledged that JATA is a governmental entity and that Bland was its employee, but asserted that they were not entitled to immunity in light of the alleged negligent operation of the bus by Bland and gross negligence, citing MCL 691.1405 and MCL 691.1407. Defendants

answered the complaint and discovery commenced. Defendants later moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Plaintiff opposed the motion.

The trial court determined that JATA is a governmental entity but that plaintiff pleaded a statutory exception to governmental immunity, i.e., negligent operation of a government-owned vehicle. After reviewing the video recording of Bland's driving and plaintiff's fall, the trial court found that Bland braked gradually and safely when he approached the stop sign. The trial court determined that reasonable minds could not conclude that Bland's driving and gradual stop before plaintiff's fall was negligent or grossly negligent. The trial court also determined that plaintiff's failure to hold the handrail on the bus was the proximate cause of her fall, and therefore, that no reasonable mind could conclude that Bland's driving and braking caused plaintiff's injuries. The trial court granted defendants' motion for summary disposition regarding plaintiff's negligence claims. This appeal followed.

## II. STANDARD OF REVIEW

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). If a party moves for summary disposition on multiple grounds and the trial court ruled on the motion without specifying the particular subrule under which it decided the issue, but considered material outside the pleadings, this Court will treat the decision as one not based on MCR 2.116(C)(8). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(7) and (C)(10)." *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). A motion for summary disposition is proper under MCR 2.116(C)(7) when a claim is barred by immunity granted by law. *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432; 824 NW2d 318 (2012).

> A summary disposition motion brought under subrule (C)(7) "does not test the merits of a claim but rather certain defenses" that may eliminate the need for a trial. When reviewing a grant of summary disposition under subrule (C)(7), this Court accepts as true the plaintiff's well-pleaded allegations and construes them in the light most favorable to the plaintiff. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts," whether immunity bars the claim is a question of law for the court. Under this subrule, summary disposition may be granted when a claim is barred because of immunity granted by law. [*Nash v Duncan Park Com'n*, 304 Mich App 599, 630; 848 NW2d 435 (2014) (internal citations omitted).]

In reviewing a grant of summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Sallie v Fifth Third Bank*, 297 Mich App 115, 117-118; 824 NW2d 238 (2012) (quotation marks and citation omitted). This Court is "limited to considering the evidence submitted to the trial court before its decision on the motions." *Calhoun Co v Blue Cross Blue Shield of Mich*, 297 Mich App 1, 12; 824 NW2d 202 (2012). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10); *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). When the truth of a material factual assertion made by a party is contingent

upon credibility, summary disposition should not be granted. *Foreman v Foreman*, 266 Mich App 132, 136; 701 NW2d 167 (2005). A court may not make factual findings or weigh credibility when deciding a motion for summary disposition. *In re Handelsman*, 266 Mich App 433, 437; 702 NW2d 641 (2005).

Furthermore, the applicability of governmental immunity is reviewed de novo as a question of law. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010).

## III. ANALYSIS

Pursuant to the government tort liability act (GTLA), MCL 691.1401 *et seq*., governmental agencies and their employees are entitled to immunity from tort liability when engaged in the exercise or discharge of a governmental function. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). Plaintiff asserts two theories of liability: negligence and gross negligence pursuant to MCL 691.1405 and MCL 691.1407.

## A. NEGLIGENT OPERATION OF A MOTOR VEHICLE

Under MCL 691.1405, "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is [the] owner . . . ." For the exception to apply, the injury must result from the negligent operation of a motor vehicle. *Robinson v Detroit*, 462 Mich 439, 456; 613 NW2d 307 (2000). The mere involvement of a motor vehicle is not sufficient to abrogate immunity. See *Peterson v Muskegon County Bd of Road Comm'rs*, 137 Mich App 210, 214; 358 NW2d 28 (1984). Rather, the negligent operation of a vehicle requires that the motor vehicle was being operated as a motor vehicle, and the exception encompasses only activities that are directly associated with the driving of a motor vehicle. *Chandler v Muskegon County*, 467 Mich 315, 320-321; 652 NW2d 224 (2002); *Strozier v Flint Community Sch*, 295 Mich App 82, 89; 811 NW2d 59 (2011).

In this case, the parties dispute whether Bland negligently operated the bus and whether Bland's negligence caused plaintiff's injuries. The elements of a prima facie negligence claim are: (1) a duty owed by a defendant to a plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018). Whether a defendant owes a plaintiff a duty is a question of law for the trial court. *Seldon*, 297 Mich App at 433. The jury determines whether a defendant's conduct was below the standard of care. *Dawe v Dr Reuven Bar-Levav & Assoc, PC (On Remand)*, 289 Mich App 380, 392-393; 808 NW2d 240 (2010).

Plaintiff first argues that summary disposition was improper because "the trial court ignored the fact that" Bland breached his duty to plaintiff by refusing to assist her to a seat. In so arguing, however, plaintiff disregards the fact that Bland's statement that he did not know where she would sit was not a refusal to aid plaintiff or an instruction for her to remain standing. Furthermore, to support that Bland had a duty to assist plaintiff to a seat, plaintiff only cites JATA's internal policies. Internal company policies may not be used to establish a legal duty in a negligence action. *Zdrojewski v Murphy*, 254 Mich App 50, 62; 657 NW2d 721 (2002). No duty attaches related to a violation of an internal policy unless compliance with that policy relates to an

underlying law or regulation. See *Buczkowski v McKay*, 441 Mich 96, 106; 490 NW2d 330 (1992). Because plaintiff only alleges a violation of JATA's internal policies and does not explain or rationalize how they relate to an underlying law or regulation, we conclude that plaintiff failed to establish that Bland owed her a duty to assist her to a seat.[1]

However, plaintiff has established that Bland owed her a duty to operate the bus with reasonable care and caution. See *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956). In the operation of his or her vehicle, a driver must make reasonable allowances for traffic, weather, and road conditions. *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). However, a driver is not required to "guard against every conceivable result, to take extravagant precautions, [or] to exercise undue care[.]" *Hale v Cooper*, 271 Mich 348, 354; 261 NW 54 (1935). It is well-settled that sudden jerks and stops are considered normal incidents of travel which, alone, do not give rise to liability. See, e.g., *Seldon*, 297 Mich App at 437 (sudden stops are normal incidents of travel); *Russ v Detroit*, 333 Mich 505, 508; 53 NW2d 353 (1952) (a mere sudden stop does not create liability); *Sherman v Flint Trolley Coach, Inc*, 304 Mich 404; 416; 8 NW2d 115 (1943) (a mere sudden stop to retrieve a passenger is not actionable negligence); *Zawicky v Flint Trolley Coach Co*, 288 Mich 655, 658-659; 286 NW 115 (1939) (ordinary sudden jerks and jolts are normal incidents of travel). Specifically, sudden jerks or jolts that occur when a bus stops or starts are considered normal incidents of travel. *Getz v Detroit*, 372 Mich 98, 101-102; 125 NW2d 275 (1963).

In the context of negligence claims involving the operation of passenger vehicles, a carrier is not liable for the injuries that a plaintiff sustains as a result of normal incidents of travel. *Seldon*, 297 Mich App at 437. Because passengers should reasonably expect such occurrences, the fact that a passenger is injured by a jerking or jolting motion is, by itself, insufficient proof of negligence. *Getz*, 372 Mich at 101-102. However, if the jerk or jolt is "unnecessarily sudden or violent," it can constitute sufficient proof of negligence to impose carrier liability. *Id*.

In this case, Bland traveled at approximately 15 miles per hour and made small turns to avoid the snow piles and a shopping cart in the Meijer parking lot. After Bland straightened the bus to drive in the through-traffic area of the parking lot, plaintiff released her grip of the bus handrail. At this time, the parties assert that the bus was traveling between 15 to 19 miles per hour. The bus proceeded straight toward a stop sign, and Bland applied the bus's brakes as he approached a vehicle that was waiting at the stop sign. The bus decelerated somewhat forcefully before coming to a complete stop behind the vehicle in front of the bus. During the deceleration, plaintiff fell forward. We conclude that reasonable minds could differ regarding whether Bland breached his duties to plaintiff due to Bland's speed and his arguably sudden and forceful braking. In other words, a reasonable jury could conclude that Bland did not make reasonable allowances for traffic and that Bland's application of the brakes created a sudden and unnecessary jolt, particularly in light of plaintiff's limited mobility and lack of seating. However, a reasonable jury could also

---

[1] Even if JATA's internal policy could be used to establish a legal duty, we would conclude that the policy did not establish a legal duty for Bland to assist plaintiff to a seat. Specifically, although the JATA bus operation policy generally required bus operators to wait until passengers are seated to drive the bus, the policy provides that passengers may stand if there are no seats available.

conclude that Bland's driving, turning, and stopping were normal incidents of travel that did not constitute negligence. Consequently, when considering the evidence in a light most favorable to plaintiff as the nonmoving party, we conclude that there was a genuine issue of material fact regarding whether Bland operated the bus in a negligent manner.

Irrespective of the duty owed by Bland and whether or not he breached the duty, plaintiff must still show the alleged injury would not have occurred but for Bland's negligence. To establish cause in fact, a plaintiff must present substantial evidence from which the jury may conclude that more likely than not, but for the defendant's action, the injuries would not have occurred. *Patrick v Turkelson*, 322 Mich App 595, 617; 913 NW2d 369 (2018). A plaintiff presents sufficient evidence of causation to create a question of fact for the jury in response to a motion for summary disposition if he or she establishes a logical sequence of cause and effect irrespective of the existence of other plausible theories that may have evidentiary support. *Id*. However, causation cannot be established by mere speculation. *Id*. Causation is generally a matter for the trier of fact. *Holton v A+ Ins Assocs, Inc*, 255 Mich App 318, 326; 661 NW2d 248 (2003).

We conclude that reasonable minds could differ regarding whether plaintiff's fall and alleged injuries resulted from Bland's conduct. From the video recording, it appears that plaintiff held the handrail as Bland traveled at approximately 15 miles per hour and made small turns in the parking lot to avoid several small snow piles and a shopping cart. Plaintiff subsequently removed her hand from the handrail and placed both hands on her walker when Bland returned to the through-traffic area of the parking lot. Bland was traveling between 15 to 19 miles per hour before braking, and plaintiff's movement in the bus could reasonably suggest that Bland braked somewhat forcefully before coming to a complete stop at a stop sign. It appears from the video recording that plaintiff fell as the bus came to a complete stop and when her hand was not on the handrail. Although the video recording appears to show that Bland was driving in a straight path at the time of plaintiff's fall, plaintiff testified that Bland's driving and "turning real fast," rather than a sudden stop, caused her to fall.

We also conclude that a reasonable jury could conclude that plaintiff's testimony was credible and that Bland's operation of the bus caused her to begin to lose her balance, which ultimately resulted in her falling to the floor when Bland stopped at the stop sign. Conversely, because plaintiff chose not to hold the handrail while Bland operated the bus, a reasonable jury could also conclude that plaintiff's injuries resulted from her failure to hold the handrail while Bland decelerated and stopped the bus. Or a jury could conclude that both parties were negligent and determine their respective percentage of fault. Thus, because there was a material question of fact regarding whether plaintiff's injuries resulted from Bland's negligent operation of the bus, the trial court improperly granted summary disposition in favor of JATA on the negligent operation claim.

## B. GROSS NEGLIGENCE

"Generally, governmental employees acting within the scope of their authority are immune from tort liability except in cases in which their actions constitute gross negligence." *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). " 'Gross negligence' is defined by statute as 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Wood v City of Detroit*, 323 Mich App 416, 423; 917 NW2d 709 (2018), quoting MCL

691.1407(8)(a). " 'Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent.' " *Wood*, 323 Mich at 423-424, quoting *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 265; 792 NW2d 781 (2010). Thus, a plaintiff must present evidence or allege that a defendant's "contested conduct was substantially more than negligent." *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403, 411; 716 NW2d 236 (2006). The question whether conduct constituted gross negligence is generally a question of fact, but a trial court may grant summary disposition when reasonable minds could not differ regarding this issue. *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

In this case, plaintiff used her walker to board the bus and was able to do so without assistance. Upon realizing that she could not walk through the aisles with her walker, plaintiff informed Bland, "I'll just have to stand. I've done it before." Bland asked plaintiff if she was all right. Plaintiff stated, "I'm OK," and Bland replied, "OK." Bland's interaction with plaintiff demonstrated that he was mindful of plaintiff's mobility issues and her decision to stand on the bus. Bland then exited the parking lot onto the roadway, stopped at several intersections and bus stops, entered the Meijer parking lot, and avoided road hazards in the parking lot. Bland traveled between 15 to 19 miles per hour before braking and coming to a complete stop, after which plaintiff fell. Bland's driving did not exceed 20 miles per hour in the parking lot and did not exceed 35 miles per hour on the roadway. Although there were questions of fact regarding whether Bland's driving constituted negligence, we conclude that reasonable minds could not conclude that Bland's driving to avoid road hazards, driving four miles over the speed limit, and braking to stop at a stop sign constituted conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Because there was not a material question of fact as to whether Bland's conduct constituted gross negligence, we conclude that the trial court properly granted summary disposition on this claim. Consequently, we need not address whether Bland's conduct was the factual and legal cause of plaintiff's injuries with respect to the gross negligence claim. See MCL 691.1407(2).

Affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica