*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUGUST SCHUTT,

   Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART, and RUBY THOMAS,

   Defendants-Appellants.

UNPUBLISHED
August 20, 2020

No. 347868
Macomb Circuit Court
LC No. 2017-004005-NI

Before: REDFORD, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Defendants, Suburban Mobility Authority for Regional Transportation (SMART) and
Ruby Thomas, appeal as of right the trial court's opinion and order denying their motion for partial
summary disposition. We reverse.

## I. BACKGROUND

This case concerns injuries sustained by plaintiff when he fell while riding a SMART bus
in March 2017. Thomas was operating the bus on her regular route and stopped at a bus stop to
pick up plaintiff, who was on his way to a bank.

A camera on the bus recorded the entire incident. That recording was presented to the trial
court and this Court. Plaintiff, wearing a backpack and holding a beverage container, entered the
bus. After plaintiff was on the bus, Thomas shut the doors, eased off the brakes, and began driving
as plaintiff paid for his ride. After plaintiff got his receipt for payment, he made his way from the
front of the bus to the seating area. Once in the seating area, plaintiff positioned himself next to a
box framed by handrails.[1] Plaintiff set down his beverage container on top of the box and
supported himself with the handrail on the box. Plaintiff appears to have fumbled with his receipt

---

[1] According to defendants, "[t]here is a black box over the wheel well on the passenger side of the
bus framed by hand-rails on all four-sides."

and then reached back to remove the backpack strap from his right shoulder. Plaintiff slid the left-side backpack strap off his left shoulder so that the backpack balanced on his left forearm. Plaintiff picked up his beverage container with his right hand and turned to his right as if to proceed to a seat. As he did so, Thomas braked for a traffic signal that had turned yellow and was turning red. This caused plaintiff, who was not holding onto any handrail, pole, or strap, to fall backward onto the floor. The fall fractured plaintiff's right hip. Thomas was driving between 23 and 24 miles per hour in a 35 miles-per-hour zone when she applied the brakes to stop for the traffic signal, and never exceeded 24 miles per hour while plaintiff was on the bus.

Plaintiff filed suit against defendants, alleging, as relevant to this appeal, that Thomas was negligent or grossly negligent in her operation of the bus, and that SMART was vicariously liable for Thomas's negligence. Defendants moved for summary disposition on these claims, asserting that they were barred by governmental immunity. Defendants contended that the motor-vehicle exception to governmental immunity did not apply because Thomas's braking of the bus was not negligent pursuant to the usual-incidents-of-travel doctrine. Relatedly, defendants argued that Thomas was entitled to summary disposition because her braking of the bus for a traffic signal was not grossly negligent.

The trial court denied defendants' motion. First, the trial court held that plaintiff's claim was not barred by governmental immunity because it fell under the motor-vehicle exception. The trial court found that reasonable minds could disagree about whether Thomas was negligent "by beginning to drive the bus before Plaintiff was even finished paying for his ticket." The trial court concluded that the usual-incidents-of-travel doctrine did not apply to plaintiff's claim because Thomas's alleged act of negligence—moving the bus before plaintiff began to move towards the seats—fell outside the doctrine's scope. Second, the trial court denied summary disposition on plaintiff's claim that Thomas was grossly negligent, concluding that reasonable minds could differ about whether "Thomas demonstrated a substantial lack of concern for whether her immediately driving the bus would cause injury to Plaintiff."

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the applicability of governmental immunity. *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010). When analyzing a motion under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint unless contradicted by affidavits, depositions, admissions, or other documentary evidence submitted by the moving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The substance or content of the supporting proofs must be admissible in evidence." *Id*. When there is no factual dispute, it is a question of law for the court to decide whether a plaintiff's claim is barred under MCR 2.116(C)(7). *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

III. GOVERNMENTAL IMMUNITY

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., provides immunity for governmental agencies where "the governmental agency is engaged in the exercise or discharge of a governmental function," except where otherwise provided within the act. MCL 691.1407(1). One exception is the motor-vehicle exception in MCL 691.1405, which states in relevant part, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." There is no dispute that Thomas was an employee of SMART, that SMART is a governmental agency, that SMART owned the bus Thomas was driving, and that plaintiff suffered bodily injury. The only dispute is whether Thomas's operation of the bus was negligent.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). The legal duty between a carrier and its passengers is the "duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier." *Frederick v Detroit*, 370 Mich 425, 437; 121 NW2d 918 (1963).

While the trial court was correct that Thomas owed plaintiff a duty of care, it erred by holding that Thomas breached that duty by beginning to move before plaintiff paid for his ticket. More than 100 years ago, our Supreme Court explained that a "streetcar may be started without waiting for a passenger to reach a seat after entering a vehicle, unless there is some special and apparent reason to the contrary." *Ottinger v Detroit United R*, 166 Mich 106, 107; 131 NW 528 (1911). See also *Getz v Detroit*, 372 Mich 98, 100; 125 NW2d 275 (1963) (applying this portion of *Ottinger* to an incident on a bus). Plaintiff did not offer sufficient evidence establishing a special and apparent reason that Thomas should have waited for plaintiff to reach a seat before moving the bus,[2] so Thomas's act of moving the bus before plaintiff reached a seat was not negligent.

With this error corrected, the outcome on appeal is straight forward. While operating the bus, Thomas braked for a yellow light that was turning red, causing plaintiff to fall. "It is well-settled that, absent evidence of other negligence pertaining to the operation of a bus, a plaintiff bus passenger may not recover for injuries sustained when the bus suddenly stopped because such stops are normal incidents of travel." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 437; 824 NW2d 318 (2012). See, e.g., *Russ v Detroit*, 333 Mich 505, 508; 53 NW2d 353 (1952) (sudden stop does not create liability); *Zawicky v Flint Trolley Coach Co, Inc*, 288 Mich 655, 658-659; 286 NW 115 (1939) (ordinary sudden jerks and jolts are normal incidents of travel); *Sherman v Flint Trolley Coach, Inc*, 304 Mich 404, 416; 8 NW2d 115 (1943) (mere

---

[2] Plaintiff argued in the trial court that he had "special needs" or a disability that placed him into this exception, but the trial court declined to address this issue "due to [plaintiff's] failure to provide admissible evidence of same." We agree with the trial court that plaintiff has not presented sufficient evidence to create a question of fact whether there was "some special and apparent reason" for Thomas to not start moving the bus before plaintiff was seated.

sudden stop to retrieve passenger is not actionable negligence). The record contains no evidence that, other than stopping, Thomas operated the bus negligently; there is no evidence that she was intoxicated or otherwise impaired, she was traveling well within the 35 mile-per-hour speed limit, and she began braking for a yellow light that was turning red, as required by law. See MCL 257.612(1)(b). While Thomas's stop may arguably have been sudden, sudden stops are normal incidents of travel. *Seldon*, 297 Mich App at 437. No reasonable juror could conclude that the stop was so sudden as to be considered "unnecessarily sudden or violent" such that defendants could be liable. See *Getz*, 372 Mich at 101-102 (quotation marks and citation omitted). Thus, based on the evidence presented, no reasonable juror could conclude that Thomas was negligent in her operation of the bus. Consequently, the motor-vehicle exception to governmental immunity does not apply, and plaintiff's claim is barred by governmental immunity.[3]

## IV. GROSS NEGLIGENCE

Defendants next argue the trial court erred in concluding that there was a genuine issue of material fact whether Thomas was grossly negligent. We agree.

"Generally, governmental employees acting within the scope of their authority are immune from tort liability except in cases in which their actions constitute gross negligence." *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). Evidence of ordinary negligence is not enough to establish a material question of fact concerning gross negligence. *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999). Rather, "gross negligence" is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). In other words, an actor is grossly negligent when an objective observer "could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea*, 263 Mich App at 90.

No objective observer could reasonably conclude that Thomas's actions were grossly negligent. Though Thomas began driving before plaintiff was seated, this behavior is normal, see *Getz*, 372 Mich at 100, and certainly does not evince "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results," MCL 691.1407(8)(a). Nothing about Thomas's conduct could otherwise be construed to suggest that she simply did not care for plaintiff's safety and welfare—again, Thomas was not intoxicated, she was traveling below the speed limit, and she stopped for a yellow light that was turning red. Viewing all of the evidence in the light most favorable to plaintiff, no reasonable juror could conclude that Thomas "simply did not care about the safety or welfare" of plaintiff. *Tarlea*, 263 Mich App at 90. Thus, defendants were entitled to summary disposition on plaintiff's claim that Thomas was grossly negligent.

Reversed.

/s/ James Robert Redford
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

---

[3] Based on this conclusion, we need not address defendants' other arguments on this issue.