GETZ *v.* CITY OF DETROIT.

Carriers—Obese Passenger—Judgment Non Obstante Veredicto—
Equally Divided Court.

> Judgment for defendant carrier *non obstante veredicto* for plaintiff passenger in action for injuries sustained as result of alleged negligence of bus driver in starting bus before plaintiff, a woman upwards of 50 years of age, 5′4″ tall, and weighing 210 pounds, had obtained a seat, is affirmed by an equally divided court.

Appeal from Wayne; Wise (John M.), J. Submitted November 7, 1963. (Calendar No. 61, Docket No. 49,903.) Decided December 27, 1963. Rehearing denied February 4, 1964.

Case by Mary D. Getz against the City of Detroit, a municipal corporation, Department of Street Railways, for personal injuries sustained while a passenger on bus on November 2, 1959. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed by an equally divided court.

*Albert Lopatin (Norman L. Zemke,* of counsel), for plaintiff.

*Leo A. Sullivan, Don D. Cramer,* and *Manuel Zachman,* for defendant.

Dethmers, J. (*for affirmance*). Plaintiff sued for personal injuries sustained as a passenger on 1 of defendant's buses. A jury returned a verdict in her

---

References for Points in Headnote
5 Am Jur 2d, Appeal and Error § 902.

favor for $10,000. From judgment for defendant entered, *non obstante veredicto,* by the trial court, she appeals.

At time of the accident plaintiff was 54 years of age, 5 feet and 4 inches tall, and weighed 210 pounds. She was a healthy, able-bodied woman who performed hard work as a printing press feeder, at which labor she stood on her feet all the time. She never had difficulty in doing that work. She had been boarding buses regularly for years and it usually took her about a minute to do it. She had no difficulty in getting on the bus. On the occasion in question, as she got onto the steps of the bus the driver looked straight ahead. Plaintiff got to a position alongside the driver, holding an upright pole behind the driver with her left hand and resting her right hand on the cash box next to the driver. She asked him for a transfer. All the while the driver never looked at her, but continued to look straight ahead. Then, while she was still in that position, the bus driver, as plaintiff testified, "was starting the bus so he stepped on the gas", "then he took his foot off" and then he "put his foot back on the gas, the bus started again, and then I fell back, backwards, and it was such a jar." She also testified, "he started the bus up and it jerked twice and I grabbed the money box, and going down I hit my side on that seat."

The trial court entered the judgment *non obstante veredicto* on the ground that there were no proofs of actionable negligence on defendant's part.

Plaintiff's contention as to such negligence is two-fold. First, because plaintiff was short, obese, 50-some years of age, and took about a minute to board the bus, it was negligent for the driver to fail to look at her, note her condition, and keep the bus at a standstill until she was seated. Plaintiff cites, in this connection, *Wells* v. *Flint Trolley Coach, Inc.,*

352 Mich. 35. There the plaintiff, a 79-year-old woman, was described by the Court as "old and feeble" and the driver knew of it. It was held to be a question of fact whether the driver was guilty of negligence in failing to give the passenger sufficient time, in alighting from the bus, to clear it and reach a place of safety and in failing to render the assistance necessary to one whose inability to care for herself was apparent. There is no testimony in the case at bar, however, to show that a look at plaintiff by the driver would have disclosed to him that she was frail, weak, infirm, or in any wise disabled or in need of assistance. The testimony and the allegations in plaintiff's declaration are, to the contrary, that she was healthy and strong and performed heavy work. Hence the *Wells Case* is inapt.

In *Ottinger* v. *Detroit United Railway,* 166 Mich 106 (34 LRA NS 225, Ann Cas 1912D, 578, 3 NCCA 323), it was held that a "streetcar may be started without waiting for a passenger to reach a seat after entering a vehicle, unless there is some special and apparent reason to the contrary." No special or apparent reason would have been observed by the driver here even if he had looked at plaintiff before starting. That this comports with the view of this Court in *Ottinger* appears from this Court's noting, with approval, in that case that "this rule was adhered to in the case of a fleshy woman" in *Louisville & Nashville R. Co.* v. *Hale,* 102 Ky 600 (44 SW 213, 42 LRA 293).

In *Miller* v. *New Orleans Public Service, Inc.* (La App), 196 So 86, the following appears:

"The fact that passenger was a short woman, 41 years of age, and weighed about 225 pounds did not afford warning to street car operators that car should not be started until she had seated herself or had been able to grasp a support of some kind, and company was, therefore, not liable for injuries sustained

as result of falling when car started without unusual jolt or jerk." (Syllabus 3.)

The court said (p 88):

"Surely, it would not do to establish a rule based on the height, or the weight, or the age of a passenger, and we cannot find that any other court has undertaken to do so."

The same view was expressed by the Court in the case of a 70-year-old man weighing 220 pounds who was injured while passing from the platform to a seat. *Sharp* v. *New Orleans City R. Co.,* 111 La 395 (35 So 614, 100 Am St Rep 488). In the instant case there were no proofs of negligence on the part of defendant's driver to go to the jury in this connection.

Second, plaintiff relied, for a showing of defendant's negligence, on her testimony that when the bus started it jerked twice, she fell backwards and it was such a jar. On that point, she stresses *Mitcham* v. *City of Detroit,* 355 Mich 182. There this Court reversed judgments for defendant *non obstante veredicto* in a case where plaintiff was injured while seated in a bus by being pitched forward against a stanchion when the bus suddenly swerved to the left and stopped abruptly. In that case it was held that there was evidence to go to the jury on the question of the driver's negligence because there were proofs of excessive speed, repeated lurching of the bus from side to side and of following another vehicle too closely, all of which gave rise to a question of whether he had operated the bus at a speed and in a manner unsafe for the conditions present. No comparable proofs are in the record before us.

"While a carrier may be held liable if a passenger is injured because a jerk or jolt of its vehicle was unnecessarily sudden or violent, ordinarily sudden

'jerks or jolts in stopping to. let off and take on passengers are among the usual incidents of travel which the passenger must reasonably anticipate." *Zawicky* v. *Flint Trolley Coach Co., Inc.,* 288 Mich 655 (Syllabus 4).

"Sudden jerks or jolts in stopping to let off and take on passengers and in starting are among the usual incidents of travel on trolley buses which every passenger must expect and mere fact that a passenger is injured thereby will not of itself make out a case of negligence which will render the carrier liable although carrier may be liable if the jerk or jolt is unnecessarily sudden or violent." *Sherman* v. *Flint Trolley Coach, Inc.,* 304 Mich 404 (Syllabus 3).

Here there was no showing that the jerk, jolt or jar "was unnecessarily sudden or violent". Under the above holdings no case of actionable negligence sufficient to go to a jury was made out.

Affirmed.

CARR, C. J., and KELLY and O'HARA, JJ., concurred with DETHMERS, J.

SOURIS, J. (*for reversal and remand*). I cannot agree that the trial judge was justified in rejecting the jury's verdict in plaintiff's favor. He could do so properly, as Mr. Justice DETHMERS seems to agree, only if there was no evidence of causal negligence by defendant. Defendant having rested without introducing any proofs, the only evidence in the case was plaintiff's which, on our review, we are obliged · to regard in the light most favorable to her.

From such evidence, so regarded, the jury was entitled to find that defendant's bus driver failed to exercise due care appropriate to the danger to plaintiff which would have been apparent to him had he taken the trouble to observe her entrance into his bus. See *Frederick* v. *City of Detroit,* 370 Mich 425.

Although it may well be true that observation of plaintiff standing flat-footed on firm ground would reveal an apparently healthy and strong woman, that is not the view defendant's unsworn driver either did have or should have had from his dominant position in the driver's seat as the plaintiff climbed slowly upward from the pavement to the passenger deck of the bus. Plaintiff testified that she was over 54 years old at the time of her injury, was 5 feet 4 inches in stature, and then weighed about 210 pounds. She said that it took her about 1 minute to climb the 2 steps at the entrance of the bus, not because she encountered any unexpected difficulty, but only because she normally moved so slowly. The jury had ample opportunity during the 2 days required for trial to observe plaintiff's movements about the courtroom and the way in which she ascended the witness stand, a matter Judge Wise commented upon in his opinion in which he nonetheless granted defendant judgment *non obstante veredicto,* and the jury knew, because plaintiff so testified, that she moved at the same slow rate on the day of her injury.

From such evidence the jury was entitled to conclude that the driver, considering the view he had or should have had, should have acted with commensurate prudence as plaintiff hoisted her great bulk up the 2 steps of the bus and that he should have realized that due care for her safety required that he not start the bus until she was seated or otherwise had reached a position of safety. *Wells* v. *Flint Trolley Coach, Inc.,* 352 Mich 35.

The cause should be reversed and remanded for entry of judgment on the jury's verdict for plaintiff. Plaintiff may tax her costs.

BLACK, KAVANAGH, and SMITH, JJ., concurred with SOURIS, J.