# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY SCOTT,

Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART,

Defendant-Appellant.

UNPUBLISHED
October 25, 2016

No. 327784
Wayne Circuit Court
LC No. 14-003723-NI

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for partial summary disposition in this action under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. We reverse and remand for entry of summary disposition in defendant's favor regarding plaintiff's negligence claim.[1]

This case arises out of a slip and fall accident that occurred on April 24, 2013, on a bus owned by defendant. At approximately 3:30 p.m., plaintiff boarded a bus operated by defendant. Although there is some dispute about the events leading up to the incident, all of the parties agree that plaintiff fell in the bus's main aisle shortly after boarding. Plaintiff initially told defendant's bus driver, LaDorse Nelson, that he was uninjured, but he later noticed that his left knee was becoming swollen and painful. He sought medical treatment and x-rays revealed that he had minor fractures in his left knee and ankle.

During his deposition, plaintiff explained that he fell because Nelson began accelerating while he was still standing in the main aisle, before he had an opportunity to sit down. Defense counsel asked if there was anything Nelson should have done differently, and plaintiff answered, "Just be more cautious," observing that Nelson seemed to be in a hurry. When asked why he

---

[1] Plaintiff also sought first-party no-fault benefits from defendant. Defendant's motion for partial summary disposition only related to plaintiff's negligence claim; plaintiff's claim for no-fault benefits is not at issue on appeal.

-1-

believed Nelson was in a hurry, plaintiff stated, "[T]hat's how the bus drivers drive," and concluded, "She was just in a hurry, that's all I can explain." Nelson was also deposed regarding the incident and testified that the bus was not moving when plaintiff fell, as there were additional passengers boarding behind him.

Defendant filed a motion for partial summary disposition regarding plaintiff's negligence claim, arguing that plaintiff's injuries were the result of normal incidents of travel, rather than any negligence attributable to defendant. Defendant cited several cases holding that the typical jerking or jolting motions that occur when a bus comes to a stop or begins accelerating should be expected by passengers, and do not amount to negligence unless the movement was unnecessarily sudden or violent. Responding to defendant's motion, plaintiff argued that the conflicting deposition testimony concerning the circumstances surrounding the incident created a question of fact that should be submitted to the jury. Plaintiff also supplemented his deposition testimony with an affidavit, in which he stated that Nelson's acceleration was "faster than any acceleration [he] had experienced in the past" and that he believed she was traveling too fast. The trial court agreed that the conflicting versions of events provided by plaintiff and Nelson presented a credibility question and denied defendant's motion.

On appeal, defendant contends that the trial court erred by denying its motion for partial summary disposition because, even if plaintiff's version of events is accepted as true, plaintiff's testimony still demonstrated that his fall was not caused by negligence attributable to defendant. We agree.

A trial court's grant or denial of a motion for summary disposition is reviewed de novo. *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432; 824 NW2d 318 (2012). Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Burise v Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009) (quotation marks and citations omitted). To avoid summary disposition under MCR 2.116(C)(7), a plaintiff must allege sufficient facts to bring the claim within the scope of an exception to such immunity. *Id*. A motion under MCR 2.116(C)(10) tests the factual basis for a claim. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). Under MCR 2.116(C)(10), courts consider " 'the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial.' " *Seldon*, 297 Mich App at 437, quoting *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

As a general rule, a government agency is immune from tort liability arising from its exercise of a government function. MCL 691.1407(1); *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 53; 760 NW2d 811 (2008). The parties agree that, as a transportation authority, defendant falls within the definition of a political subdivision for purposes of the GTLA, and is therefore a government agency to which the general grant of immunity applies. MCL 691.1401(a) and (e). However, plaintiff's negligence claim is based on the so-called motor vehicle exception to governmental immunity, which allows a claimant to recover damages "for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency

-2-

is owner . . . ." MCL 691.1405. The crux of this matter turns on whether Nelson's operation of the bus could be construed as negligent under the circumstances surrounding plaintiff's injury.

In the context of negligence claims involving operation of passenger vehicles, a carrier will not be held liable for injuries a plaintiff sustains as a result of normal incidents of travel. *Seldon*, 297 Mich App at 437. Sudden jerks or jolts that occur when a bus stops or starts are considered normal incidents of travel. *Getz v Detroit*, 372 Mich 98, 101-102; 125 NW2d 275 (1963). Because passengers should reasonably expect such occurrences, the fact that a passenger is injured by such a jerking or jolting motion is, by itself, insufficient proof of negligence. *Id*. By contrast, if the jerk or jolt is "unnecessarily sudden or violent," it may constitute sufficient proof of negligence to impose liability on the carrier. *Id*.

The circumstances surrounding the *Getz* case are remarkably similar to the facts involved in the present appeal. In *Getz*, the plaintiff was standing by the fare box directly after boarding the bus when the bus jerked forward twice, causing her to fall. *Id*. at 99. Describing the allegedly negligent conduct of the bus driver, the plaintiff testified that the driver "was starting the bus so he stepped on the gas, then he took his foot off and then he put his foot back on the gas, the bus started again, and then I fell back, backwards, and it was such a jar." *Id*. (quotation marks omitted). Affirming the judgment in favor of the defendant, the *Getz* Court concluded that the plaintiff's account of the incident did not demonstrate that the jerk was unnecessarily sudden or violent and was, therefore, insufficient proof of negligence. *Id*. at 102.

In this case, plaintiff testified at his deposition that he slipped because Nelson accelerated before he had an opportunity to sit down. He recalled that Nelson seemed to be in a hurry, but could not point to any specific conduct that he considered objectionable, instead opining, "[T]hat's how the bus drivers drive." In a prelitigation recorded statement given to defendant's third-party risk management company, plaintiff provided a similar description of the incident, indicating that he fell because the floor was wet and he was still standing when, "all of a sudden," Nelson accelerated. Based on this evidence, it appears that the movement that caused plaintiff's fall was nothing more than the ordinary jerking or jolting that occurs when a bus begins to move. As already noted, sudden jerks or jolts in stopping and starting are normal incidents of travel and, without more, cannot form the basis of a negligence claim against a carrier. *Getz*, 372 Mich at 102. Like in *Getz*, plaintiff did not testify that certain aspects of the movement made it unnecessarily sudden or violent and did not otherwise raise additional conditions or factors that would suggest Nelson acted negligently while operating defendant's bus. Accordingly, the trial court erred by denying defendant's motion for partial summary disposition. Plaintiff's negligence claim is barred as a matter of law by governmental immunity because his injuries did not result from the negligent operation of defendant's bus.

Plaintiff maintains that defendant was not entitled to summary disposition regarding his negligence claim on the basis of two main arguments. First, plaintiff argues that he and Nelson provided differing versions of events during their depositions, which created a question of fact that must be submitted to the jury. Second, plaintiff relies on his postdeposition affidavit, in which he stated that Nelson's acceleration was unnecessarily sudden or violent. We find both of plaintiff's arguments unpersuasive.

Regarding his first argument, plaintiff relies on *Bolton v Detroit*, 10 Mich App 589; 157 NW2d 313 (1968), for the proposition that a question of fact exists when a plaintiff and a defendant provide differing versions of the relevant events. Admittedly, the parties provided conflicting testimony concerning plaintiff's fall; Nelson testified that the bus was stationary when plaintiff fell while plaintiff testified that the bus's sudden acceleration caused him to fall. However, *Bolton* is distinguishable from the circumstances presented in this case. In *Bolton*, the Court found a question of fact where the parties provided inconsistent testimony regarding the manner and cause of the bus's movement, which resulted in the plaintiff's fall as she attempted to alight from the bus. *Bolton*, 10 Mich App at 595. In reaching this conclusion, the Court noted the following key distinction:

> "[T]here is a difference, well recognized in the cases, between the case in which the passenger is fully and fairly upon the car, which he has just boarded, and the case in which a car has stopped to discharge passengers and they are in the act of leaving it. Our common experience teaches us that in the former case the passenger must anticipate that the car may start before he is seated, and that the movement may be abrupt. In the latter case the passenger has the right to assume that it will remain stationary until those who are being discharged have an opportunity to alight, and its sudden movement is unexpected." [*Id.* at 594, quoting *Rogers v Detroit*, 289 Mich 86, 89; 286 NW 167 (1939).]

Unlike the circumstances in *Bolton*, plaintiff had fully boarded the bus before he fell; therefore, as *Bolton* instructs, he should have reasonably anticipated that the bus might begin moving before he was seated. The initial jerk or jolt that caused him to fall is an insufficient basis for finding negligence on defendant's part unless it was unnecessarily sudden or violent. *Getz*, 372 Mich at 101-102. Accordingly, the mere fact that the parties offered conflicting testimony in this case is not enough to allow plaintiff's negligence claim to survive summary disposition because, even accepting plaintiff's version of events as true, there is insufficient evidence to support the theory that Nelson negligently operated the bus.

Plaintiff's second argument, that his deposition testimony and supplemental affidavit established a question of fact, also lacks merit. As noted earlier, plaintiff's deposition testimony demonstrates that Nelson did not operate the bus in a negligent manner and that he fell as a result of the jerking or jolting motion that is considered a normal incident of travel. Although the trial court was required to consider the facts in the light most favorable to plaintiff, *Seldon*, 297 Mich App at 437, parties may not create a question of material fact by simply offering an affidavit that contradicts damaging deposition testimony already provided by that party, *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001).

In this case, plaintiff first testified that he fell because Nelson accelerated before he sat down. The only thing he believed Nelson could have done differently was to "[j]ust be more cautious," since it seemed like she was in a hurry. This testimony is consistent with his written statement on the day of the incident—saying Nelson was "Great!!"—and his May 2, 2013 recorded statement—in which he did not indicate that Nelson operated the bus in an unusual or unexpected manner. By contrast, plaintiff's postdeposition affidavit states that "[w]hen the driver hit the accelerator, it was very sudden and very fast. The acceleration was much faster than any acceleration that I had experienced in the past." He also explained that when he

testified that Nelson was in a hurry, he meant that she was driving too fast. This explanation directly contradicts his deposition testimony, in which he observed that Nelson was driving the same way that "the bus drivers drive." Because plaintiff's affidavit contradicted his former deposition testimony, it was insufficient to create a question of fact regarding Nelson's purported negligence. *Dykes*, 246 Mich App at 480.

Reversed and remanded for entry of partial summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens