*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUGUST SCHUTT,

Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART, and RUBY THOMAS,

Defendants-Appellants.

UNPUBLISHED
May 27, 2021

No. 347868
Macomb Circuit Court
LC No. 2017-004005-NI

ON REMAND

Before: REDFORD, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. After plaintiff fell on a bus owned by Suburban Mobility Authority for Regional Transportation (SMART), plaintiff filed suit against SMART and the driver of the bus, Ruby Thomas (together, "defendants"). Plaintiff alleged that SMART was vicariously liable for Thomas's negligence under the motor vehicle exception to governmental immunity in the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., and that Thomas was liable to plaintiff under a theory of gross negligence. Defendants moved for summary disposition, which the trial court denied. In so doing, the court reasoned that (1) there was a question of fact whether Thomas breached a duty she owed to plaintiff by moving before plaintiff was seated and (2) there was a question of fact whether Thomas was grossly negligent by not waiting until plaintiff was seated before moving. This Court reversed, holding that a bus driver does not have a duty to wait until a passenger is seated "unless there is some special and apparent reason" to do so, and that no reasonable juror could conclude that Thomas was grossly negligent. *Schutt v Suburban Mobility Authority for Regional Transportation*, unpublished per curiam opinion of the Court of Appeals, issued August 20, 2020 (Docket No. 347868), pp 3-4. Our Supreme Court vacated this Court's judgment and remanded for this Court to "reconsider whether the plaintiff has presented evidence of a 'special and apparent reason' that [Thomas] should have waited for the plaintiff to reach a seat before moving the bus" in light of evidence that the trial court allowed plaintiff to submit pursuant to a February 13, 2019 opinion

-1-

and order entered after it denied defendants' motion for summary disposition. *Schutt v Suburban Mobility Authority for Regional Transportation*, ___ Mich ___, ___ (2021) (Docket No. 162066). Our Supreme Court also directed this Court to "reconsider its previous holdings that are impacted by this determination and, if necessary, the other arguments made by the defendants that the Court of Appeals did not address in its initial opinion." *Id*. In light of our Supreme Court's directive, we affirm the trial court's ruling with respect to plaintiff's claim against SMART, but still reverse the court's holding with respect to his claim against Thomas.

## I. BACKGROUND

The facts of this case were explained in this Court's previous opinion as follows:

> This case concerns injuries sustained by plaintiff when he fell while riding a SMART bus in March 2017. Thomas was operating the bus on her regular route and stopped at a bus stop to pick up plaintiff, who was on his way to a bank.
>
> A camera on the bus recorded the entire incident. That recording was presented to the trial court and this Court. Plaintiff, wearing a backpack and holding a beverage container, entered the bus. After plaintiff was on the bus, Thomas shut the doors, eased off the brakes, and began driving as plaintiff paid for his ride. After plaintiff got his receipt for payment, he made his way from the front of the bus to the seating area. Once in the seating area, plaintiff positioned himself next to a box framed by handrails. Plaintiff set down his beverage container on top of the box and supported himself with the handrail on the box. Plaintiff appears to have fumbled with his receipt and then reached back to remove the backpack strap from his right shoulder. Plaintiff slid the left-side backpack strap off his left shoulder so that the backpack balanced on his left forearm. Plaintiff picked up his beverage container with his right hand and turned to his right as if to proceed to a seat. As he did so, Thomas braked for a traffic signal that had turned yellow and was turning red. This caused plaintiff, who was not holding onto any handrail, pole, or strap, to fall backward onto the floor. The fall fractured plaintiff's right hip. Thomas was driving between 23 and 24 miles per hour in a 35 miles-per-hour zone when she applied the brakes to stop for the traffic signal, and never exceeded 24 miles per hour while plaintiff was on the bus. [*Schutt*, unpub op at pp 1-2.]

Plaintiff's fall led him to file suit against defendants. As relevant to this case on remand, during her deposition while discovery was ongoing, Thomas agreed with plaintiff's counsel's assertion that plaintiff was "simple," and testified that plaintiff was "different" and that he may have shown her "a disabled card." Also, after the trial court denied defendants' motion for summary disposition, the court, in a February 13, 2019 opinion and order, allowed plaintiff to submit as evidence Thomas's incident report of the accident, in which Thomas stated, "When passenger got on Board he seen [sic] like something was wrong with him."

As mentioned above, this Court reversed the trial court's denial of defendants' motion for summary disposition, and our Supreme Court vacated this Court's judgment and directed this Court to reconsider its judgment in light of Thomas's incident report.

## II. STANDARD OF REVIEW

The issue before this Court on remand continues to be whether the trial court erred by denying defendants' motion for summary disposition. Appellate courts review de novo a trial court's ruling on a motion for summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). Defendants moved for summary disposition under MCR 2.116(C)(7). As explained by this Court in *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010):

> MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. [Footnotes omitted.]

A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. CLAIM AGAINST SMART—NEGLIGENCE

As explained in this Court's previous opinion:

> The [GTLA] provides immunity for governmental agencies where "the governmental agency is engaged in the exercise or discharge of a governmental function," except where otherwise provided within the act. MCL 691.1407(1). One exception is the motor-vehicle exception in MCL 691.1405, which states in relevant part, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." There is no dispute that Thomas was an employee of SMART, that SMART is a governmental agency, that SMART owned the bus Thomas was driving, and that plaintiff suffered bodily injury. The only dispute is whether Thomas's operation of the bus was negligent.
>
> "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). The legal duty between a carrier and its passengers is the "duty to exercise

such diligence as would be exercised in the circumstances by a reasonably prudent carrier." *Frederick v Detroit*, 370 Mich 425, 437; 121 NW2d 918 (1963).

More than 100 years ago, our Supreme Court explained that a "streetcar may be started without waiting for a passenger to reach a seat after entering a vehicle, unless there is some special and apparent reason to the contrary." *Ottinger v Detroit United R*, 166 Mich 106, 107; 131 NW 528 (1911). See also *Getz v Detroit*, 372 Mich 98, 100; 125 NW2d 275 (1963) (applying this portion of *Ottinger* to an incident on a bus). [*Schutt*, unpub op at 3.]

This Court originally concluded that "Plaintiff did not offer sufficient evidence establishing a special and apparent reason that Thomas should have waited for plaintiff to reach a seat before moving the bus, so Thomas's act of moving the bus before plaintiff reached a seat was not negligent." *Id.* (footnote omitted). In vacating this Court's previous opinion, our Supreme Court directed this Court to reconsider its holding in light of Thomas's incident report that the trial court allowed plaintiff to submit pursuant to a February 13, 2019 opinion and order after it denied defendant's motion for summary disposition.

After considering this additional evidence, we conclude that plaintiff presented sufficient evidence to create a question of fact whether there was "some special and apparent reason" for Thomas to wait for plaintiff to reach a seat before moving the bus on the day of plaintiff's injury. During her deposition, Thomas agreed with plaintiff's counsel's assertion that plaintiff was "simple," and testified that plaintiff was "different" and that he may have shown her "a disabled card." Standing alone, this evidence would not establish an "apparent" reason for Thomas to wait for plaintiff to be seated on the day in question. But, in Thomas's report of the incident, she stated, "When passenger got on Board he seen [sic] like something was wrong with him." This evidence, in conjunction with Thomas's deposition testimony, was sufficient to create a question of fact whether there was "some special and apparent reason" for Thomas to wait for plaintiff to be seated on the day of the incident—viewed in the light most favorable to plaintiff, Thomas noticed that "something was wrong" with a passenger who she believed may have a disability based on her previous interactions with the passenger. Thus, there is a question of fact whether Thomas was negligent by moving the bus before plaintiff was seated.[1]

Defendants argue that plaintiff failed to submit sufficient evidence establishing that there was "some special and apparent reason" for Thomas to wait for plaintiff to be seated on the day in question because there was evidence tending to establish that Thomas did not believe that plaintiff had a disability. While defendants are correct that there is evidence tending to establish that Thomas did not believe that plaintiff had a disability, there is also evidence to support that Thomas did in fact believe that plaintiff had a disability. Thus, there is a genuine question of material fact on this issue and summary disposition is inappropriate.

---

[1] At one point in their brief, defendants argue that Thomas could not have been negligent because she properly braked for a yellow light, but braking for a yellow light is not the allegedly negligent conduct at issue.

Defendants also contend that parts of Thomas's deposition support that there was nothing wrong with plaintiff on the day that he fell that would have alerted Thomas of "some special and apparent reason" to not move the bus before Thomas was seated. While defendants can point to evidence to support such a theory, plaintiff can point to Thomas's report of the incident in which she states that "something was wrong" with plaintiff when he boarded the bus on the day in question. So, with this issue too, there is a genuine question of material fact and summary disposition is inappropriate.

## IV. CLAIM AGAINST SMART—CAUSATION

Our Supreme Court's remand order further directs this Court to consider "the other arguments made by the defendants that the Court of Appeals did not address in its initial opinion." *Schutt*, ___ Mich at ___. The gist of defendants' arguments that this Court did not address in its previous opinion is that plaintiff fell because Thomas stopped the bus, not because Thomas moved the bus before plaintiff was seated, so even if Thomas breached a duty to plaintiff, that breach did not cause plaintiff's injuries.

Defendants first make this argument in the context of cause in fact. "The cause in fact element [of a negligence claim] generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). Clearly, a reasonable juror could conclude that Thomas not waiting for plaintiff to be seated before moving the bus was a cause in fact of plaintiff's injury—"but for" Thomas moving the bus before plaintiff was seated, plaintiff would not have fallen. While defendants are correct that plaintiff fell after the bus stopped and so the stopping of the bus was a cause in fact of plaintiff's injury, there can be more than one cause in fact. See *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004) ("Generally, an act or omission is a cause in fact of an injury only if the injury could not have occurred without (or 'but for') that act or omission. While a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was *a* cause."). Moreover, Thomas only had to stop the bus because she moved the bus in the first place, so her moving the bus before plaintiff was seated was clearly a cause in fact of plaintiff's injury. See *Skinner*, 445 Mich at 159-160 (explaining that "the plaintiff's evidence is sufficient [to prove cause in fact] if it establishes a logical sequence of cause and effect") (quotation marks and citation omitted).[2]

Defendants similarly argue that, because Thomas's stopping of the bus caused plaintiff to fall, plaintiff cannot establish that Thomas's breach of a duty—moving the bus before plaintiff was seated—was a proximate cause of plaintiff's injury. Assessing proximate cause "requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to

---

[2] Defendants also argue that it is conjecture to conclude that Thomas's moving of the bus before plaintiff was seated caused plaintiff's injury. As explained in *Skinner*, 445 Mich at 164, "As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." (Quotation marks and citation omitted.) That Thomas's moving of the bus ultimately caused plaintiff's injury is not conjecture because that theory of causation is clearly deducible from the known facts or conditions.

-5-

the victim." *Ray v Swager*, 501 Mich 52, 65; 903 NW2d 366 (2017). Almost 100 years ago, our Supreme Court explained:

> If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury. *N Oil Co v Vandervort*, 228 Mich 516, 518; 200 NW 145 (1924) (quotation marks and citation omitted).

Our Supreme Court reiterated this basic understanding of proximate cause in *Ray*, 501 Mich at 67-68.[3]

Applying this understanding of proximate cause, a reasonable jury could conclude that Thomas's moving of the bus before plaintiff was seated was a proximate cause of plaintiff's injury. Having to stop a bus, thereby causing a person standing on the bus to fall, is a reasonably foreseeable consequence of moving the bus while a person is standing. Thus, proximate cause is satisfied.

## V. CLAIM AGAINST THOMAS—GROSS NEGLIGENCE

In its order, our Supreme Court also directed this Court to "reconsider its previous holdings that are impacted by" our determination that plaintiff presented sufficient evidence for a reasonable juror to concluded that a "special and apparent reason" existed for Thomas to not move the bus before plaintiff was seated. *Schutt*, ___ Mich at ___. Our previous determination that, when viewing the evidence in the light most favorable to plaintiff, no reasonable juror could find that Thomas was grossly negligent is unaffected by our determination that there exists a question of fact whether there was some special and apparent reason for Thomas to not move the bus before plaintiff was seated. We therefore read our Supreme Court's order as directing this Court to not reconsider our previous holding that no reasonable juror could find that Thomas was grossly negligent.[4]

---

[3] Defendants contend that to prove "proximate cause," plaintiff must establish that the contested conduct was "the one most immediate, efficient, and direct cause of the injury or damage" based on *Robinson v City of Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000). That quote from *Robinson* was analyzing the meaning of "the proximate cause" in MCL 691.1407(2), which relates to the liability of governmental employees under the GTLA. At issue here is the motor-vehicle exception in MCL 691.1405, which does not use "the proximate cause," so *Robinson*'s discussion of that term's meaning is not pertinent to this issue.

[4] Even if this reading of our Supreme Court's order is incorrect, reversal on this issue is still appropriate for the reasons explained in this Court's previous opinion. See *Schutt*, unpub op at 4.

## VI.  CONCLUSION

Affirmed in part, reversed in part, and remanded for further proceedings.  We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien