*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICKY WILLIAMS,

      Plaintiff-Appellee,

v

CITY OF DETROIT,

      Defendant-Appellant,

and

JANE DOE,

      Defendant.

UNPUBLISHED
August 24, 2023

No. 363885
Wayne Circuit Court
LC No. 21-006884-NI

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

Defendant, City of Detroit (the city), appeals by right the trial court's order denying its motion for summary disposition that was brought under MCR 2.116(C)(7), (8), and (10), in this action involving an alleged fall by plaintiff, Ricky Williams, upon acceleration of a city bus that plaintiff had just boarded. Defendant, Jane Doe, was the unidentified bus driver, and she is not a party to this appeal. The city argues that it was entitled to summary disposition on the basis of governmental immunity because plaintiff failed to create a factual dispute with respect to whether an accident actually occurred and, assuming that plaintiff fell, whether there was any actionable negligence under caselaw regarding falls caused by the acceleration of a bus after picking up a patron. We conclude, keeping in mind that we are not permitted to assess weight and credibility for purposes of summary disposition, that plaintiff's deposition testimony created a factual dispute on both matters. The city is not entitled to summary disposition on the basis of governmental immunity because there are factual disputes concerning the application of the motor-vehicle exception to governmental immunity. Accordingly, we affirm.

# I. BACKGROUND

Plaintiff alleged that on December 1, 2018, he boarded a stopped city bus. In his deposition, plaintiff testified that after he boarded the bus, paid his fare, and started looking for a seat, the bus rapidly accelerated, causing plaintiff to bounce off railings and seats and eventually end up on the floor under a bus seat. Plaintiff testified that the bus driver stopped the bus only after other passengers started screaming, that he asked the driver to call emergency services, and that she did not respond to his request. Plaintiff claimed that he received medical treatment and services to address the injuries that he sustained when he fell on the bus.

Plaintiff subsequently brought a negligence action against the city and the bus driver, alleging that the city was liable for the bus driver's negligent operation of the bus. After discovery was completed, the city sought summary disposition under MCR 2.116(C)(7), (8), and (10). The city argued that plaintiff failed to provide evidence to support his allegation that the accident or incident involving the city bus had even happened. The city further contended that even if the accident took place as claimed, plaintiff failed to present a prima facie case of negligence because the stopping and acceleration of a bus, even if abrupt, does not constitute actionable negligence. In response to the city's motion, plaintiff admitted that he could not identify the bus driver and that there was no incident report or police report generated as a result of the accident. But plaintiff argued that such evidence was not available because the bus driver refused to stop or prepare an incident report. Plaintiff contended that the city could be held liable for an unnecessarily sudden acceleration of the bus or a violent jerk during acceleration of the bus that leads to an injury. Plaintiff maintained that his deposition testimony created a factual dispute on these issues.

The trial court decided the motion for summary disposition without oral argument, concluding in an extremely cursory fashion and without any elaboration that the city failed to demonstrate that there was no genuine issue of material fact with respect to the occurrence of an accident that was caused by the bus driver and resulted in damages to plaintiff.

# II. ANALYSIS

## A. STANDARD OF REVIEW AND SUMMARY DISPOSITION PRINCIPLES

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "Further, the determination regarding the applicability of governmental immunity and a statutory exception to governmental immunity is a question of law that is also subject to review de novo." *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). Summary dismissal of a claim is appropriate when a defendant enjoys "immunity granted by law." MCR 2.116(C)(7). In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court discussed (C)(7) motions, explaining:

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving

party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.[1]]

## B. GOVERNMENTAL IMMUNITY AND THE MOTOR-VEHICLE EXCEPTION

In *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391-392; 822 NW2d 799 (2012), this Court recited the well-established principles concerning governmental immunity:

Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function. The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a governmental function. This Court gives the term "governmental function" a broad interpretation, but the statutory exceptions must be narrowly construed. A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity. [Quotation marks and citations omitted.]

In this case, the motor-vehicle exception to governmental immunity, MCL 691.1405, was implicated, and it provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]"

## C. DISCUSSION AND RESOLUTION

## 1. OCCURRENCE OF THE ACCIDENT

The city first argues that it was entitled to summary disposition because there was no evidence that the alleged incident occurred except for plaintiff's self-serving deposition testimony. The city points out that plaintiff could not identify the bus number or the bus driver's name, that it did a search for any accidents on the date alleged by plaintiff and found nothing, that plaintiff did not even report the accident until seven months after it allegedly occurred, that no bus patrons

---

[1] Ultimately, this case, as presented to us with a sole focus on governmental immunity and documentary evidence related to the motor-vehicle exception to immunity, concerns summary disposition under MCR 2.116(C)(7). This Court has jurisdiction over the appeal under MCR 7.203(A)(1) and MCR 7.202(6)(a)(*v*).

called 911 even though plaintiff alleged that he screamed when the accident happened, and that there were no records or documents indicating that an accident took place.

The city effectively defeats its own argument by recognizing that there was deposition testimony by plaintiff claiming that the accident or incident did in fact occur. "Except as to a motion based on subrule (C)(8) or (9), affidavits, *depositions*, admissions, or other documentary evidence may be submitted by a party to . . . oppose the grounds asserted in the motion[,]" MCR 2.116(G)(2), and "[t]he affidavits, together with the pleadings, *depositions*, admissions, and documentary evidence . . . *must be considered* by the court when the motion is based on subrule (C)(1)-(7) or (10)," MCR 2.116(G)(5). Thus, plaintiff's deposition testimony, self-serving or otherwise, had to be considered by the court, and the testimony indeed created a factual dispute regarding whether the accident occurred. The city's position concerns the weight of the evidence and plaintiff's credibility. "But it is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 480; 776 NW2d 398 (2009). Accordingly, the city's argument fails.

### 2. LIABILITY FOR FALLS ON A BUS CAUSED BY ACCELERATION

The city argues that it was entitled to summary disposition given that plaintiff testified that he fell due to acceleration of the bus just after he boarded the bus, which, under the caselaw, fails as a matter of law to establish negligence.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke*, 489 Mich at 162. In *Getz v Detroit*, 372 Mich 98, 101-102; 125 NW2d 275 (1963), the Michigan Supreme Court, addressing an action by a bus passenger who sustained injuries when she fell on the bus just after boarding it, explained:

> While a carrier may be held liable if a passenger is injured because a jerk or jolt of its vehicle was unnecessarily sudden or violent, ordinarily sudden jerks or jolts in stopping to let off and take on passengers are among the usual incidents of travel which the passenger must reasonably anticipate.

> Sudden jerks or jolts in stopping to let off and take on passengers and in starting are among the usual incidents of travel on trolley buses which every passenger must expect and mere fact that a passenger is injured thereby will not of itself make out a case of negligence which will render the carrier liable although carrier may be liable if the jerk or jolt is unnecessarily sudden or violent.

> Here there was no showing that the jerk, jolt or jar was unnecessarily sudden or violent. Under the above holdings no case of actionable negligence sufficient to go to a jury was made out. [Quotation marks and citations omitted.]

In *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 511; 991 NW2d 230 (2022), this Court, citing *Getz* and other older precedent from our Supreme Court, recently reiterated that "[t]he

law in Michigan is clear that a plaintiff is not entitled to recover for injuries sustained as a result of the sudden stopping or acceleration of a bus or streetcar, absent other evidence of negligence in the operation of the vehicle, because these sudden movements are incidents of travel, which travelers must reasonably anticipate." The *Anderson* panel recognized that "[l]iability can attach if the jerk or jolt is *unnecessarily sudden or violent*." *Id.* (emphasis added). Accordingly, the question in this case is whether plaintiff presented evidence sufficient to create a factual dispute regarding whether the bus's movement that allegedly caused plaintiff's fall was unnecessarily sudden or violent. And if a factual dispute exists on that issue, then the application of the motor-vehicle exception to governmental immunity would also remain in dispute, precluding summary disposition.

In his deposition, plaintiff testified that he paid his bus fare and turned to take a step when he "started bouncing off the railing[s]." He then "bounced off the seats" and got "stuck under the seats." According to plaintiff, the bus driver then stopped the bus "when everybody started screaming." Medical notes associated with plaintiff's subsequent visit to Henry Ford Health System for his alleged injuries indicated that plaintiff stated that "while he was getting onto the bus[,] the bus driver '*gunned the gas*' causing him to hurt his back and fall under the seat." (Emphasis added.) Considering the described nature of the accident, with plaintiff bouncing off railings and seats and ending up stuck under a seat, along with the evidence of people screaming and plaintiff stating that the bus driver "gunned the gas," a person could reasonably infer that the bus driver accelerated in a manner that was *unnecessarily* sudden or violent. Accordingly, there exists a material factual dispute regarding whether the bus driver engaged in actionable negligence; therefore, there is a concomitant factual dispute with respect to whether the motor-vehicle exception to governmental immunity is applicable. Thus, we hold that the trial court did not err by denying the city's motion for summary disposition under MCR 2.116(C)(7).

We affirm. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Jane E. Markey