*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSIE JOHNSON,

      Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

      Defendant-Appellant,

and

JANE DOE,

      Defendant.

UNPUBLISHED
November 16, 2023

No. 363891
Oakland Circuit Court
LC No. 2020-179605-NF

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

Defendant Suburban Mobility Authority for Regional Transportation (defendant, or SMART)[1] appeals by right[2] the trial court's order denying in part its motion for summary disposition. We reverse and remand for entry of an order granting summary disposition in favor of defendant.

---

[1] Defendant Jane Doe is not a party to this appeal. We therefore refer to defendant SMART as "defendant."

[2] A governmental party may take an appeal by right from an order denying governmental immunity to a party, including an order denying a motion for summary disposition under MCR 2.116(C)(10).based on a claim of governmental immunity. See *Seldon v SMART*, 297 Mich App 427, 436; 824 NW2d 318 (2012).

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

On October 12, 2018, plaintiff was injured while riding as a passenger on a bus owned by SMART.  On the day of the accident, at approximately 3:00 to 4:00 p.m., plaintiff boarded a SMART bus that was heading northward on Woodward Avenue in Detroit.  Plaintiff testified at her deposition that the bus driver seemed agitated, as she was questioning boarding passengers about whether they had provided enough change to ride the bus.  However, plaintiff also described the actual bus ride prior to the accident as "fine."  As the bus approached the intersection of Woodward Avenue and Square Lake Road in Oakland County, plaintiff pulled the cord on the bus that alerted the driver that someone planned to exit, and the bus driver stopped the bus at that intersection.  However, plaintiff had actually planned to exit the bus at the next stop, which she believed was at Charles Lane, and had accidentally pulled the cord early.  While the bus was stopped, plaintiff stood up and told the bus driver that she had accidentally pulled the cord and wanted to get off the bus at Charles Lane.  The bus driver told plaintiff that the bus did not stop at Charles Lane.  Plaintiff had been holding onto a pole and let go of it to sit down in a nearby seat.  According to plaintiff, before she was able to sit down, the bus driver suddenly accelerated and the bus "jerked" forward.  Plaintiff alleges that she fell, lost consciousness, and was injured.

On November 7, 2019, plaintiff filed in the Wayne Circuit Court a three-count complaint alleging (1) negligence by the bus driver and that defendant was vicariously liable, under the doctrines of respondeat superior (as the bus driver's employer) and owner's liability (as the owner of the bus) for the bus driver's negligence, (2) negligence by defendant in its hiring, training, and supervision, and (3) defendant's liability for payment of personal protection insurance (PIP) benefits arising from plaintiff's injury.  After the case was transferred to the Oakland Circuit Court, defendant moved for summary disposition under MCR 2.116(C)(7) (governmental immunity), MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted), and MCR 2.116(C)(10) (no question of material fact).  Defendant argued that plaintiff's claims premised on the alleged negligence of the driver were barred under the "usual-incidents-of-travel doctrine" because a bus driver does not have a duty to wait for a passenger to sit down before accelerating and, under Michigan law, a sudden start or stop does not constitute negligence.  Defendant also argued that plaintiff's vicarious liability and negligent hiring, training, and supervision claims were barred under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*.  Further, defendant argued that plaintiff had failed to meet the statutory-notice requirement for filing a claim against a transportation authority because plaintiff served notice on defendant's claims administrator, Adjusting Services Unlimited ("ASU"), rather than on defendant.  Finally, defendant argued that plaintiff's PIP-benefits claims from October 12, 2018, the date of the accident, through November 6, 2018, were barred by the no-fault act's one-year-back rule because plaintiff did not file her claim against defendant until November 7, 2019.

On January 20, 2021, plaintiff filed a response to defendant's motion for summary disposition.  Plaintiff argued that the usual-incidents-of-travel doctrine did not bar plaintiff's

negligence claim[3] because, under the doctrine, a common carrier operator still possesses the duty to exercise ordinary care and the bus driver breached that duty in this case by making an "unnecessarily sudden" start. Plaintiff conceded that her negligent hiring, training, and supervision claims were barred by governmental immunity; she further indicated that she was abandoning her respondeat superior theory of negligence liability, but argued that defendant, as the owner of the bus, was still liable to plaintiff for the driver's negligence under MCL 691.1405.[4] Plaintiff argued that she had complied with the statutory-notice requirement because she provided written notice of both plaintiff's first-party and third-party claims to defendant's agent, ASU. Plaintiff also argued that she had pleaded in avoidance of governmental immunity under Michigan's notice-pleading standard. Finally, plaintiff conceded that she could not recover PIP benefits for claims that accrued before or on November 6, 2018.

On November 7, 2022, the trial court granted defendant's motion in part and denied it in part. It denied the motion with respect to the usual-incidents-of-travel doctrine, holding that a reasonable juror could find that the bus driver was negligent. It granted the motion with respect to plaintiff's respondeat superior, owner's liability, and negligent hiring, training, and supervising claims, concluding that those claims were barred by governmental immunity.[5] It held that plaintiff had complied with the statutory notice requirement, reasoning that this Court has impliedly held that service upon a transportation authority's claims administrator was sufficient under the statute. It also held that plaintiff had pleaded facts showing that the motor-vehicle exception to governmental immunity applied to plaintiff's negligence claim, despite the fact that plaintiff did not mention the motor-vehicle exception by name. Finally, it granted summary disposition in favor of defendant on plaintiff's PIP-benefits claim for charges incurred before November 6, 2018.

This appeal followed. On appeal, defendant challenges (1) the trial court's denial of its motion with respect to the usual incidents of travel doctrine, and (2) the trial court's holding that plaintiff had complied with the relevant statutory notice requirement.[6]

---

[3] By "negligence claim," we mean the claims set forth in Count I of plaintiff's complaint, which encompass plaintiff's claim that the bus driver was negligent as well as plaintiff's claims that SMART was liable for the bus driver's alleged negligence.

[4] MCL 691.1405 states, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

[5] In granting summary disposition with respect to plaintiff's owner's liability claim, the trial court described the claim as arising under the owner's liability statute, MCL 257.401, and held that it was barred by governmental immunity. The trial court did not address plaintiff's contention that the claim arose under MCL 691.1405 (which is part of the GTLA).

[6] Although plaintiff argues on appeal that SMART is "vicariously liable as the owner of the bus," plaintiff did not file a cross-appeal of the trial court's order granting summary disposition in favor of SMART on her owner's liability claim.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by immunity granted by law." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432; 824 NW2d 318 (2012). Whether a claim is barred by governmental immunity is a question of law that we review de novo. *Willett v Waterford Charter Twp*, 271 Mich App 38, 45; 718 NW2d 386 (2006); *Pierce v Lansing*, 265 Mich App 174, 176; 694 NW2d 65 (2005). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), all well-pleaded allegations must be accepted as true and construed in favor of the nonmoving party, unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties." *Id*. at 177.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a plaintiff's claim. *El-Khalil*, 504 Mich at 160. When deciding a motion brought under MCR 2.116(C)(10), a court considers the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties" in the light most favorable to the nonmoving party. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). Summary disposition is properly granted under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

We review de novo issues of statutory interpretation. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

## III. USUAL-INCIDENTS-OF-TRAVEL DOCTRINE

Defendant argues that the trial court erred when it denied in part its motion for summary disposition because plaintiff's claims premised on the alleged negligence of the bus driver were barred under the usual-incidents-of-travel doctrine. We agree.

A state's legislature may create exceptions to the general rule that state entities are immune from suit and allow for claims to be brought against the state or state governmental entities. *Mack v Detroit*, 467 Mich 186, 195; 649 NW2d 47 (2002); *West v Dep't of Natural Resources*, 333 Mich App 186, 191; 963 NW2d 602 (2020). The Legislature passed the GTLA to codify the common-law doctrine of governmental immunity regarding tort claims against the state and state governmental entities. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). The GTLA provides exceptions for tort liability in several specific situations, including, as relevant to this case, the motor-vehicle exception. *Seldon*, 297 Mich App at 434. MCL 691.1405 provides, in pertinent part: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." A transportation authority, such as defendant, is a governmental agency for purposes of the motor-vehicle exception. *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 715; 822 NW2d 522 (2012). The Supreme Court has "interpreted the phrase 'operation of a motor vehicle' to encompass activities that are directly associated with the driving of a motor vehicle." *Seldon*, 297 Mich App at 435.

To succeed on a claim brought under the motor-vehicle exception, a plaintiff must prove negligence. *Seldon*, 297 Mich App at 433. "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). A common carrier of passengers, such as the owner of a bus, owes its passengers "the common-law duty of due care and it may be defined simply as the duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 508; 991 NW2d 230 (2022).

A public transportation operator does not have a duty to wait for passengers to be seated before setting the vehicle in motion. *Ottinger v Detroit United R*, 166 Mich 106, 107; 131 NW 528 (1911). A primary function of public transportation is to timely and predictably deliver passengers to stops, and that function would not be served if vehicle operators were required to wait for each passenger to become seated. *Id*. at 108. That general rule does not apply, however, when "there is some special and apparent reason" that there is a duty to wait for a passenger to be seated. *Id*. at 107. Whether a special or apparent reason exists in a case depends on whether the passenger's physical appearance would indicate to the driver that the passenger is "frail, weak, infirm or in any wise disabled or in need of assistance." *Getz v Detroit*, 372 Mich 98, 100; 125 NW2d 275 (1963). Under the usual-incidents-of-travel doctrine, a common carrier is generally not liable for an injury to a passenger caused by "sudden jerks and jolts" of the vehicle as a result of ordinary starting, stopping, or steering. *Selman v Detroit*, 283 Mich 413, 420; 278 NW 112 (1938). However, a carrier may still be liable when the sudden jerk or jolt that caused the injury was "unnecessarily sudden or violent." *Id*. To establish liability for an injury caused by an unnecessarily sudden or violent start or stop, a plaintiff must present additional evidence showing that the driver was negligently operating the vehicle during the start or stop. *Anderson*, 341 Mich App at 511.

In this case, plaintiff argues that there was a special reason the bus driver could not accelerate the bus when she did, because the bus driver knew that plaintiff was standing next to her and trying to sit down. We disagree. A special or apparent reason exists when there is a reason an operator would or should know that a passenger is incapable of protecting himself or herself from injury in the manner of an average person. *Getz*, 372 Mich at 100. Plaintiff admitted in her deposition that she was capable of getting on and off the bus without assistance and that nothing about her appearance the day of the accident would indicate to the bus driver that plaintiff was infirm. Further, this Court has observed that it is normal and expected that public transportation might start before all passengers are seated. *Anderson*, 341 Mich App at 510. From this acknowledgment, it is implicit that operators are allowed to begin accelerating knowing that there are passengers who have not secured themselves. Accordingly, plaintiff has not shown there was a special or apparent reason the bus driver was required to wait for plaintiff to sit down before putting the bus into motion. See *Getz*, 372 Mich at 99-100.

Defendant also argues that plaintiff cannot show that the bus driver negligently made a unnecessarily sudden or violent start. We agree. The trial court concluded that plaintiff had established a question of fact regarding whether the bus driver was negligent on the basis that the driver displayed a disdainful attitude toward passengers. However, plaintiff testified in her

-5-

deposition that the bus driver was argumentative with other passengers on the bus as they boarded at stops, and that the arguments concerned whether the passengers had sufficiently paid their fare. These facts do not support an inference that the bus driver made an unnecessarily sudden or violent start that caused plaintiff's injuries. Plaintiff described the ride before her fall as "fine," and a driver's aggressive attitude toward collecting fares says nothing about whether the driver operated the bus negligently. Plaintiff testified that the bus "jerked" into motion, causing her fall, but presented no additional evidence that the driver was negligently operating the bus or that the bus's motion was so sudden and violent that it was beyond the usual incidents of travel. Further, this Court has pointed out that "the mere fact that an injury occurred does not itself indicate" that the bus was negligently operated. *Seldon*, 297 Mich App at 437.

We conclude that the trial court erred by denying in part defendant's motion for summary disposition. *Quinto*, 451 Mich at 362.[7] Accordingly, we reverse and remand for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado

---

[7] Because we conclude that defendant is entitled to summary disposition, we need not consider defendant's additional argument that the trial court erred by holding that plaintiff did not provide sufficient notice under MCL 124.419.